(No. 18980.—▮▮▮▮)

THE KIMBELL TRUST AND SAVINGS BANK, Defendant in Error, *vs.* THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff in Error.

*Opinion filed December 20, 1928—Rehearing denied Feb. 6, 1929.*

DEFREES, BUCKINGHAM & EATON, (DON KENNETH JONES, and JOHN MERRILL BAKER, of counsel,) for plaintiff in error.

RATHJE, WESEMANN, HINCKLEY & BARNARD, (FRANCIS E. HINCKLEY, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, the Hartford Accident and Indemnity Company, by leave of this court has sued out a writ of *certiorari* to review a judgment of the Appellate Court for the First District affirming a judgment of the superior court

of Cook county in favor of defendant in error, the Kimbell Trust and Savings Bank, against plaintiff in error. The action was brought in assumpsit by the bank against the indemnity company upon what is denominated a "securities blanket policy." Among other things it provided against direct loss sustained by the bank by reason of having during the term of the policy taken, as collateral to any loan, any forged, raised or altered security. The term of the policy commenced May 27, 1924. On March 27, 1924, C. E. Miner borrowed at the bank $3500 and gave a note of even date therefor payable ninety days after date. As collateral security for the loan he deposited with the bank eighty shares of Gulf States Steel Company common stock. On the maturity of the note it was renewed by the giving of another note payable ninety days after date. The first note was marked paid and the collateral remained with the bank. On September 23, 1924, and December 31, 1924, there were like renewals for ninety days. The collateral at no time after March 27, 1924, was in the possession of Miner but at all times remained in the possession of the bank. Subsequent to December 31, 1924, the bank discovered that the security was forged and made claim against the indemnity company for the amount of its loss. The indemnity company disavowed liability on the ground that the stock was forged and taken by the bank before the issuance of the indemnity policy to it. The bank thereupon brought suit against the indemnity company in the superior court of Cook county. The cause was submitted to the trial judge by agreement. There was a finding for the plaintiff for the sum of $3910 and a judgment rendered against the indemnity company for that amount, from which judgment an appeal was taken to the Appellate Court for the First District.

It is contended by defendant in error that contracts of guaranty insurance are made for the purpose of furnishing

indemnity to the assured, and in construing their provisions doubt and ambiguity must be resolved in favor of the assured and to effect the purpose for which they were made, and that when the language in the contract in question is so construed it must be held that the bank took the stock certificate as collateral on the occasion of the taking of each of the series of promissory notes. The rule invoked by defendant in error has no application here. The contract of guaranty is couched in plain and simple language and there are no doubts and ambiguities. In the instant case it is prerequisite to liability on the policy that the raised security must have been "taken" while the policy was in effect. In Words and Phrases (vol. 8, p. 6847,) it is said: "In its usual significance the word 'taken' implies a transfer of possession, dominion or control. A thing is not taken unless such change of status is effected." At page 6848 of the same volume it is said: " 'To take' means, in its general sense, to get into one's possession or power; to acquire; to obtain; to procure." In its common acceptation the word "take," when used with reference to physical objects, means a physical change of an object from the possession of one person to the possession of the taker. It is not the synonym of "retain," which Webster's New International Dictionary defines, "to continue to hold, have, use, recognize, etc.; to keep in possession, control, use, custody, etc.; to keep; not to lose, part with, dismiss or permit to escape." By its express terms the contract of indemnity only applied to forged securities taken during the term of the policy. It did not apply to losses arising from forged securities "taken" prior to the term of the policy even though the loss occurred during the term of the policy. The securities in question not having been "taken" by the bank during the term of the policy the indemnity company was not liable for any loss occasioned to the bank by reason of their having been forged.

The superior court should have sustained plaintiff in error's motion to find the issues in its favor, and the court erred in not so finding and in rendering judgment in favor of defendant in error. The judgment of the Appellate Court and the judgment of the superior court are therefore reversed.

*Judgments reversed.*